# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RYAN JARROD STANFORD, | : | |
| Plaintiff | : | |
| vs. | : | |
| UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, and its Clerk, THOMAS K. KAHN, | : | NO. 5:06-CV-426 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **RYAN JARROD STANFORD**, an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 2).

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior prison generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes). 28 U.S.C. §1915(g); Fed.R.Civ.P. 12(b)(6); *see Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious injury."

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has filed numerous civil rights or habeas corpus claims with federal courts while incarcerated. At present, at least nine of these cases have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: ***Stanford v. Georgia Dep't of Corr.,*** 1:06-CV-956(ODE) (N.D. Ga. May 15, 2006); ***Stanford v. Smith***, 5:05-CV-288(WDO) (M.D. Ga. Feb. 3, 2006) (appeal dismissed as frivolous); ***Stanford v. United States District Court, Northern District of Ga***, 5:05-CV-386(CAR) (M.D. Ga. Nov. 23, 2005); ***Stanford v. Smith***, 6:05-CV-81(BAE) (S.D. Ga. Nov. 14, 2005); ***Stanford v. Smith***, 6:05-CV-56(BAE) (S.D. Ga. Nov. 1, 2005)(both initial filing and appeal dismissed as frivolous); ***Stanford v. Head***, 1:05-CV-1988(ODE) (N.D. Ga. Aug. 25, 2005); and ***Stanford v. Smith***, 6:04-CV-149(BAE) (S.D. Ga. June 22, 2005) (both initial filing and appeal dismissed as frivolous).

As plaintiff has nine strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's claims do not remotely approach allegations of "imminent danger of serious physical injury."

Because plaintiff has nine prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 5th day of January, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr